**NEW JERSEY WELFARE RIGHTS ORGANIZATION et al., Appellants,**

v.

**William T. CAHILL, in his capacity as Governor and Chief Executive Officer of the State of New Jersey, et al.**

**No. 71–1669.**

United States Court of Appeals, Third Circuit.

Argued Sept. 14, 1971.

Decided Sept. 28, 1971.

Michael C. Parks, Newark-Essex Joint Law Reform Project, Newark, N. J., for appellants.

Stephen Skillman, Asst. Atty. Gen., Division of Law, Trenton, N. J., (George F. Kugler, Jr., Atty. Gen. of New Jersey, Trenton, N. J., Alfred L. Nardelli, Deputy Atty. Gen., on the brief), for appellees.

Before STALEY, ADAMS, and ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Plaintiffs initiated this suit as a class action in the District Court for the District of New Jersey alleging, *inter alia*, that the consolidated schedules of payments to New Jersey welfare recipients under the federally-funded Aid to Families with Dependent Children Program removed certain items from New Jersey's standard of need in direct violation of 42 U.S.C. § 602(a) (23), as interpreted by the Supreme Court in Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970). They also aver that the New Jersey statute which created the

wholly state-funded Aid to Families of the Working Poor Program, New Jersey P.L. 1971, c. 209, violated the equal protection clause of the Fourteenth Amendment by discriminating invidiously and without any rational basis against illegitimate children.

On June 15, 1971, the day the complaint was filed, an order to show cause why a preliminary injunction should not issue was granted on the defendant state officials, returnable June 28, 1971. The next day, plaintiffs filed a motion for leave to take the deposition of Mrs. Mollie P. Hallowell, an employee of the Division of Public Welfare of the Department of Institutions and Agencies of the State of New Jersey, that motion was granted. Similar motions made by plaintiffs during the following week were denied.

On June 28, 1971, the defendants served a motion to dismiss the complaint on several grounds, or in the alternative for summary judgment. A hearing on the preliminary injunction commenced the following day and ended after testimony had been taken over a period of four days. The district court entered an order dismissing the complaint and filed an opinion on July 8, 1971, in support thereof. Plaintiffs have appealed to this Court from that dismissal.

Because the record is unclear whether the complaint was dismissed for failure to state a claim upon which relief may be granted under Rule 12(b) (6) of the Federal Rules of Civil Procedure or because the evidence adduced at the hearing on the preliminary injunction was insufficient to sustain the allegations of the complaint, we remand the cause to the district court for clarification on this point.

In addition, our remand, in light of the present posture of this case and its importance to both the State of New Jersey and its citizens, will contain the following directions:[1] The plaintiffs should be granted a reasonable opportunity to examine the documents and to present additional testimony necessary to the prosecution of their case. To the extent required, the District Court shall make findings of fact and conclusions of law in accordance with Rule 52 Fed.R.Civ.P. Because of the nature of the case and the fact that timeliness is an important element, to the extent the District Court's calendar permits, the proceedings should be expedited. Counts VII–IX of plaintiff's complaint should be referred to a three judge court pursuant to 28 U.S.C. §§ 2281, 2284, because those counts present a substantial constitutional question.

An order shall be entered remanding the case to the District Court for proceedings consistent with this opinion.

---

1. At oral argument it was suggested that, to expedite the matter, the defendants should file an answer promptly, and that there should be a final hearing, and that the present record should be augmented by permitting each side to supplement such record.